[No. 21086.   In Bank.—September 25, 1894.]

## IN THE MATTER OF P. ASBILL ET AL., ON HABEAS CORPUS.

GAME LAWS—COUNTY ORDINANCE—POSSESSION OF DEERSKINS.—A county ordinance for the protection of game, after prohibiting the killing of male deer, except during a certain specified open season, and the killing of female deer at any time, and the selling of the hides of any deer, provided that "every person w'~ ､ . shall have in his possession any deerskins, or any hide or pelt from which the ‥‥‥ \ of sex has been removed, or any of the aforesaid game at a time when it is unlawful to kill the same, shall be guilty of a misdemeanor." *Held*, That the ordinance could not be construed to make it unlawful to have in one's possession, at any time when it is unlawful to kill deer, any deerskin, whether the evidence of sex has been removed or not.

APPLICATION for a writ of *habeas corpus.*

The facts are stated in the opinion.

*Cooper & Hill*, and *Henley & Costello*, for Petitioners.

*W. H. H. Hart, T. H. Selvage*, and *F. P. Deering*, for the People.

HAYNES, C.—Petitioners were found guilty by a justice's court, in the county of Humboldt, of a misdemeanor, and were sentenced to pay a fine of one hundred dollars each, or be imprisoned, etc.

The offense charged was for the violation of an ordinance passed by the board of supervisors of that county for the protection of game.

The charging part of the complaint upon which they were tried is as follows: "That said [naming the defendants] on the twentieth day of December, 1893, at Cooper's ranch in the said county of Humboldt, state of California, did willfully and unlawfully have in their possession deerskins."

The judgment followed the language above quoted. The defendants refused to pay the fine imposed, and were committed to jail, and now petition this court to be discharged on *habeas corpus.*

Petitioners contend that no offense is charged under the ordinance, and that the ordinance is unconstitutional.

The complaint was made under section 10 of the ordinance, but a proper construction of that section requires the light of other sections. Sections 5, 6, 7, 9, and 10 are as follows:

"5. Every person who, in the county of Humboldt, shall within the two years next (except from July 15th to October 15th, in each year) after the passage of this ordinance, hunt, pursue, take, kill, or destroy any male deer, elk, antelope, mountain sheep, or buck shall be guilty of a misdemeanor.

"6. Every person who, in the county of Humboldt, shall at any time hunt, pursue, kill, take, or destroy any female deer, antelope, elk, mountain sheep, or doe shall be guilty of a misdemeanor.

"7. Every person who shall at any time hunt, pursue, take, kill, or destroy any spotted fawn shall be guilty of a misdemeanor.

"9. Every person who, in the county of Humboldt, shall at any time sell, or offer for sale, the hide or meat of any deer, elk, antelope, or mountain sheep shall be guilty of a misdemeanor.

"10. Every person who, in the county of Humboldt, shall buy, sell, or offer for sale, transport or carry, or have in his possession, any deer, or deerskins, or any hide or pelt from which the evidence of sex has been removed, or any of the aforesaid game at a time when it is unlawful to kill the same, shall be guilty of a misdemeanor."

The construction given to section 10 by the justice before whom the petitioners were tried and convicted, and now insisted upon by respondent, is that it is unlawful to have in one's possession at any time when it is unlawful to kill deer any deerskin, whether the evidence of sex has been removed or not. The open season being from July 15th to October 15th, it would necessarily follow, if that construction is correct, that

the complaint and judgment charging the possession of deerskins on December 20th stated an offense for which the petitioners might be properly convicted and imprisoned.    But such construction cannot be maintained.    It concedes, as all must concede, that it is lawful to have in one's possession, during the time it is lawful to kill deer, the skins or hides, provided the evidence of sex has not been removed.    By section 9 it is unlawful to sell the hide or skin of any deer *at any time*, whether during the time it is lawful to kill male deer, or during the time it is unlawful to do so.    But it is unlawful to kill a female deer at any time, and because of that prohibition, and as an aid to the detection of its violation, it is made unlawful to have in one's possession *at any time* the skin or hide from which the evidence of sex has been removed.    If it were unlawful to have deerskins in one's possession at any time there could be no reason for the provision that the evidence of sex shall not be removed from the skins.    Coming back, then, to the concession that one may lawfully have in possession deerskins during the time male deer may be lawfully killed, if the evidence of sex has not been removed, what is to be done with the skins when that season closes ?    It is unlawful to sell them " at any time," and if it is unlawful to have them in one's possession after the season closes, what resource is left but to destroy them?    And how would the destruction of all the hides on October 16th, each year, tend to the protection of game?    It could have no such tendency; but, on the contrary, would tend to defeat the purpose of the ordinance to protect female deer by the requirement that the evidence of sex shall not be removed since the destruction of the hide would be such removal.    It would have been a singular requirement if the ordinance had provided that at the end of the open season all skins of deer should be destroyed; but it would not be more singular than it now is, if the construction contended for by the people can be sustained, which is, that if you sell the hides

you are guilty of a misdemeanor, and if you keep them after October 15th you are equally guilty. Indeed, the efficiency of the ordinance, so far as it relates to the protection of the female, and that is its most important provision, rests in the preservation of the skins, and keeping them in possession without removing the evidence of sex. We see nothing in the ordinance, either in its language or purpose, which would sustain the construction contended for by respondent. No offense known to the law being charged, the petitioners should be discharged.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the said petitioners be and they are hereby discharged.            MCFARLAND, J., VAN FLEET, J., BEATTY, C. J., DE HAVEN, J., FITZGERALD, J., HARRISON, J.

GAROUTTE, J., being absent, did not participate in the foregoing decision.